GRAUERT *v.* UNITED STATES (No. 2977)[1]

---

United States Court of Customs Appeals, November 14, 1927

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *William H. Futrell*, special attorneys, of counsel), for the United States.

[Oral argument October 7, 1927, by Mr. Place and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported at the port of New York, under the Tariff Act of 1922, certain merchandise which was invoiced as Osier foils and which he entered as Dutch metal leaves. These were classified for duty by the collector as bronze or aluminum in leaf at 6 cents per hundred leaves, under the pertinent provision of paragraph 382 of said tariff act. The importer protested, claiming the goods to be dutiable as powdered foil at 12 cents per pound under said paragraph 382. The Board of General Appraisers overruled the protest and from that judgment the importer has appealed.

On the hearing before the Board of General Appraisers, it appeared from the testimony of the witness L. C. Bowen that the imported goods were identical with those before said board in protest 978080, and the record in that case was offered and received in evidence. On inspection of the record, we find that the record so introduced bore the protest number 978088. Inasmuch as the record in protest 978088 does so appear in the record, we shall consider it as a part thereof, and treat the error committed in its introduction as merely a clerical one.

In the record in protest 978088, the goods in question are thus described: A composition of zinc white, shellac, and glycerine is spread upon a plate of glass, to act as a binder and carrier for bronze powder, which is then sprinkled upon this carrier. When dry, the superfluous bronze powder is removed with a soft brush and the thin layer or plate taken off the glass with a pallet knife. These leaves or layers are then made up into books, and are thus imported, 40 books to a box. In use, one of these bronze leaves is placed over the die or article to which it is to be transferred, and is so transferred by means of a hot stamping press. In the specifications constituting a part of appellant's letters patent, which appear in the record, the inventor thus alludes to his process:

This invention relates to an improved method for the manufacture of thin bronze or other metal plates—

And in his second claim—

A process for producing bronze leaf.

The record also shows the merchandise to be practically the same as that under consideration by this court in *Grauert* v. *United States*, 11 Ct. Cust. Appls. 495. In that case the goods were imported under the tariff act of October 3, 1913, and were classified under paragraph 146 of that act, which provided, in part, for bronze or aluminum in leaf. They were claimed to be dutiable as manufactures of metal, under paragraph 167, or alternatively as a chemical compound, under paragraph 5, or as unenumerated manufactured articles, under paragraph 385 of said act. This court there called attention to the fact that the Board of General Appraisers had held in Abstract 27928, T. D. 32333, prior to the enactment of the tariff act of October 3, 1913, that this identical material was bronze in leaf under paragraph 175 of the tariff act of August 5, 1909, and that the reenactment of the language of said paragraph 175 in paragraph 146 of the tariff act of October 3, 1913, must be considered as a legislative ratification of said adjudication by the board. Therefore, this court held the goods in question properly dutiable as bronze or aluminum in leaf.

When the Tariff Act of 1922 was enacted, paragraph 382 thereof was written to read, in part, as follows:

382. * * * aluminum powder, powdered foil, powdered tin, brocades, flitters, and metallics, manufactured in whole or in part, 12 cents per pound; bronze, or Dutch metal, or aluminum, in leaf, 6 cents per hundred leaves. * * *

For comparison, paragraph 146 of the tariff act of October 3, 1913, reads:

146. Bronze powder, brocades, flitters, and metallics; bronze, or Dutch metal, or aluminum, in leaf, 25 per cent ad valorem.

It is argued by appellant that inasmuch as the Congress added new language in said paragraph 382, namely, "aluminum powder, powdered foil, powdered tin, * * * manufactured in whole or in part, 12 cents per pound", the legislative intent was to include such products as those before us in this new enumeration. It is argued particularly that the words "powdered foil," should be held to be foil which has been powdered, by the application of powder to the surface of a foil, and should not be held to be foil which has been itself reduced to a powder.

This argument is ingenious, but, in our judgment, not sound. If followed to its logical conclusion, it would result in the inclusion in this language of any foil which had been powdered with any substance. If we were to so construe the words "powdered foil," then we must also so construe "powdered tin," which also appears in the new language of the paragraph. If we were to do so, we would find ourselves holding that any sort of tin, powdered with any substance, would be properly classifiable in this paragraph. This, in our judg-

274

ment, is not the proper construction. When the Congress said "powdered foil" and "powdered tin," it meant exactly what it said, namely, foil or tin which had been reduced to a powder. Any other construction would be a strained and unnatural one.

The judgment of the court below is *affirmed*.